IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACYCLICS LLC and ) 
JANSSEN BIOTECH, INC., )
                             )
        Plaintiffs, )
                             ) C.A. No. 18-192 (CFC)
      v. ) CONSOLIDATED
                             )
FRESENIUS KABI USA, LLC, et al., )
                             )
        Defendants. )

**[PROPOSED] SCHEDULING ORDER [PATENT CASE]**

This 25th day of January 2019, the Court having conducted a Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties[1] having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1.      <u>Rule 26(a)(1) Initial Disclosures</u>.    The parties served their initial disclosures, as required by Federal Rule of Civil Procedure 26(a)(1), on <u>June 12, 2018</u>.

2.      <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>August 16, 2019</u>.[2]

---

[1] A related suit has also been filed against Hetero USA Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero Labs Limited Unit-I (collectively, "Hetero"), C.A. No. 18-1778. It is Plaintiffs' position that this suit should be consolidated with the above-captioned matters.

[2] Two additional patents, United States Patent Nos. 10,106,548 and 10,012,140 have recently been listed in the FDA Orange Book for IMBRUVICA®. Plaintiffs anticipate bringing suit against at least some of the Defendants on these patents and believe that any such suits should be consolidated with the above-captioned matters.

3.    <u>Discovery</u>.[3]

     a.    <u>Discovery Cut Off</u>.    All [fact] discovery in this case shall be initiated so that it will be completed on or before <u>November 15, 2019</u>.

     b.    <u>Document Production</u>. Document production shall be completed on or before <u>June 28, 2019</u>.

     c.    <u>Requests for Admission</u>.    A maximum of 25 requests for admission are permitted for Plaintiffs to serve on each of Fresenius Kabi, Shilpa, Sun, Cipla, Zydus, Teva, and Sandoz/Lek. Fresenius Kabi, Shilpa, Sun, Cipla, Zydus, Teva, and Sandoz/Lek collectively may serve 50 common Requests for Admission on Plaintiffs collectively. Additionally, Fresenius Kabi, Shilpa, Sun, Cipla, Zydus, Teva, and Sandoz/Lek may each individually serve 15 Requests for Admission on Plaintiffs collectively. These limits are exclusive of Requests for Admission directed to authentication or admissibility of documents.

     d.    <u>Interrogatories</u>.

Plaintiffs collectively may serve 25 Interrogatories on each of Fresenius Kabi, Shilpa, Sun, Cipla, Zydus, Teva, and Sandoz/Lek. Fresenius Kabi, Shilpa, Sun, Cipla, Zydus, Teva, and Sandoz/Lek collectively may serve 15 common Interrogatories on Plaintiffs collectively. Additionally, Fresenius Kabi, Shilpa, Sun, Cipla, Zydus, Teva, and Sandoz/Lek may each individually serve 10 additional Interrogatories on Plaintiffs collectively. An Interrogatory directed to the same issue for more than one of the asserted patents shall count as one Interrogatory. An

---

[3] Defendants' positions on discovery limitations are based on the currently asserted patents. Defendants reserve their rights to seek additional discovery as needed for good cause if Plaintiffs assert additional patents.

Interrogatory served on Plaintiffs collectively shall count as one Interrogatory even if each of the Plaintiffs provides a distinct response.

      e.      <u>Depositions</u>.

           i.      <u>Limitation on Hours for Deposition Discovery</u>.

Plaintiffs collectively may take a maximum of <u>35 hours</u> of depositions (including both 30(b)(1) and 30(b)(6) from each of Fresenius Kabi, Shilpa, Sun, Cipla, Zydus, Teva, and Sandoz/Lek, including former employees of each Defendant represented by Defendants' counsel. Defendants collectively may take a maximum of <u>175 hours</u> of depositions from Plaintiffs (including both 30(b)(1) and 30(b)(6)) depositions from Plaintiffs and depositions of former employees of Plaintiffs represented by Plaintiffs' counsel. These limits do not include third-party depositions other than described above. Each fact deposition shall be limited to seven hours. Each fact witness may only be deposed once in his/her personal capacity. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, each 30(b)(6) deposition notice shall count as a single deposition, regardless of the number of individuals designated in response to the notice, and each designated witness will be subject to seven hours of deposition in his/her corporate capacity. These limits may be modified only upon agreement of the parties or a showing of good cause and by order of the Court. Defendants will coordinate and work in good faith to minimize duplicative questioning.

           ii.      <u>Location of Depositions</u>.      Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

4.    <u>Application to Court for Protective Order</u>.    A Protective Order was entered by the Court on <u>October 30, 2018,</u> and includes the following paragraph (*see* 18-cv-192, D.I. 50 at ¶ 45):

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party. By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Two courtesy copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

6.    <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be

filed electronically within seven days of the filing of the sealed document.

7.     <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8.     <u>Claim Construction Issue Identification</u>. On <u>November 30, 2018</u>, the parties exchanged a list of those claim term(s)/phrase(s) that they believe need construction. On <u>December 21, 2018</u>, the parties exchanged their proposed claim construction of those term(s)/phrase(s). This document was not filed with the Court. Subsequent to exchanging that list, <u>on January 10, 2019</u> the parties met and conferred to prepare a Joint Claim Construction Chart to be filed no later than <u>January 18, 2019</u>. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to <u>cfc_civil@ded.uscourts.gov</u> . The text for the Joint Claim Construction Chart shall be 14-point and in a Times New Roman or similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9.     <u>Claim Construction Briefing</u>. The Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,500 words, on <u>February 8, 2019</u>. The Defendants shall serve, but not file, their answering brief, not to exceed 8,250 words, on <u>March 1, 2019</u>. The Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,500 words, on <u>March 22, 2019</u>. The Defendants shall serve, but not file, their sur-reply brief, not to exceed 2,750 words, on <u>April 5, 2019</u>. The text for

each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than <u>April 19, 2019</u>, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      **Agreed-upon Constructions**

II.     **Disputed Constructions**

      A.      [TERM 1]

            1.      Plaintiffs' Opening Position

            2.      Defendants' Answering Position

            3.      Plaintiffs' Reply Position

            4.      Defendants' Sur-Reply Position

      B.      [TERM 2]

            1.      Plaintiffs' Opening Position

            2.      Defendants' Answering Position

            3.      Plaintiffs' Reply Position

            4.      Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

6

10.    <u>Hearing on Claim Construction</u>. Beginning at <u>9:00 a.m.</u> on <u>May 20, 2019</u>, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

11.    <u>Disclosure of Expert Testimony</u>.

a.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before <u>February 7, 2020</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>March 27, 2020</u>. Reply expert reports from the party with the initial burden of proof and Plaintiffs' Reply Expert Reports on objective indicia are due on or before <u>May 8, 2020</u>. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before <u>July 1, 2020</u>.

b.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the <u>July 15, 2020</u>, unless otherwise ordered by the Court.

c.    *Daubert* <u>motion word limits</u>. Each party is permitted to file as many case *Daubert* motions as desired; provided, however, that each SIDE will be limited to a combined total of 2,500 words for all opening briefs, a combined total of 2,500 words for all answering briefs, and a combined total of 1,250 words for all reply briefs regardless of the number of *Daubert* motions

7

that are filed. The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word- processing system used to prepare the brief.

12.     <u>There will be no dispositive motions without leave of the Court.</u>

13.     <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.     <u>Pretrial Conference</u>. On <u>September 23, 2020,</u> the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at <u>4:30 p.m.</u> The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. The parties shall negotiate in good faith deadlines for the exchange of motions *in limine* and sections of the pretrial order provided in Local Rule 16.3.

15.     <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three- page submission (and, if

8

the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.     <u>Compendium of Cases</u>.      A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court.

17.     <u>Trial</u>. This matter is scheduled for a 9-day <u>bench</u> trial beginning at 9:30 a.m. on <u>October 13, 2020</u>, with the subsequent trial days beginning at 9:00 a.m. <u>until [completed]</u>. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. The Court has reserved 10 trial days for this matter on its calendar. A telephone Conference regarding trial length and consolidation for trial is set for <u>March 9, 2020</u>, during which any alterations to the trial length will be discussed.

18.     <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.


UNITED STATES DISTRICT JUDGE

9

**EXHIBIT A**
**DEADLINES**

| Event | Date |
|---|---|
| Identification of Accused Products and Asserted Patents | June 5, 2018 |
| Exchange of Rule 26(a) Initial Disclosures | June 5, 2018 |
| Exchange of Delaware Default Standard ¶ 3 Disclosures | June 18, 2018 |
| Deadline for Defendants to Produce Core Technical Documents for the Accused Products | July 18, 2018 |
| Deadline for Plaintiffs to produce the NDA for Plaintiffs' product | July 18, 2018 |
| Initial Infringement Contentions Due | September 5, 2018 |
| Initial Invalidity Contentions Due | November 2, 2018 |
| Exchange List of Terms That Require Construction | November 30, 2018 |
| Exchange Proposed Preliminary Claim Construction of Disputed Terms and Identify Evidence to Support Proposed Constructions of Disputed Terms | December 21, 2018 |
| Meet and Confer Regarding Claim Construction | By January 11, 2019 |
| Final Joint Claim Chart Due | January 18, 2019 |
| Plaintiff's Opening Claim Construction Brief Due | February 8, 2019 |
| Defendants' Answering Claim Construction Brief Due | March 1, 2019 |
| Plaintiff's Reply Claim Construction Brief Due | March 22, 2019 |
| Defendants' Sur-Reply Claim Construction Brief Due | April 5, 2019 |
| Joint Claim Construction Brief Due | April 19, 2019 |
| *Markman* Claim Construction Hearing | May 20, 2019 9:00 am–12:00 pm |
| Deadline for Completion of Document Production | June 28, 2019 |
| Deadline for Motions to Join Other Parties and Amend the Pleadings | August 16, 2019 |
| End of Fact Discovery | November 15, 2019 |
| Final Infringement Contentions Due | December 11, 2019 |
| Final Invalidity Contentions Due | December 11, 2019 |
| Opening Expert Reports Due on those issues for which the parties bear the burden of proof and Plaintiffs' Expert Reports on objective indicia | February 7, 2020 |
| Telephone Conference regarding trial length and consolidation | March 9, 2020 |
| Rebuttal Expert Reports Due | March 27, 2020 |
| Reply Expert Reports Due on those issues for which the parties bear the burden of proof and Plaintiffs' Reply Expert Reports on objective indicia | May 8, 2020 |
| End of Expert Discovery | July 1, 2020 |

A-1

| Event | Date |
|---|---|
| *Daubert* Motions | July 15, 2020 |
| *Daubert* Oppositions | August 5, 2020 |
| *Daubert* Replies | August 19, 2020 |
| Joint Proposed Final Pretrial Order (including motions *in limine*) | September 18, 2020 (three business days in advance of Pretrial Conference) |
| Pretrial Conference | September 23, 2020 |
| Trial | Start date of October 13, 2020 |
| 30-Month Stay Expires | May 13, 2021 |

A-2